# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| NANCY BUCHANAN, MOTHER, ET AL., NEXT OF KIN OF CORWENDELL D. PERKINS, DECEASED | ) ) ) | From the Circuit Court for Hardeman County, Tennessee |
| | ) | |
| Plaintiffs/Appellants, | ) | The Honorable Jon Kerry Blackwood, Judge |
| vs. | ) | |
| | ) | Hardeman County Circuit No. 8344 |
| HARDEMAN COUNTY, TENNESSEE and HARDEMAN COUNTY HIGHWAY DEPARTMENT, | ) ) ) | Appeal No. 02A01-9411-CV-00257 |
| | ) | **AFFIRMED** |
| | ) | Marcus M. Reaves |
| | ) | Jackson, Tennessee, and |
| Defendants/Appellees. | ) | La Quetta M. Golden |
| | ) | Gulfport, Mississippi |
| | ) | Attorney s for Plaintiffs/Appellants |
| | ) | |
| | ) | James I. Pentecost |
| | ) | Jackson, Tennessee |
| | ) | Attorney for Defendants/Appellees |

**FILED**

**October 9, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

---

## MEMORANDUM OPINION[1]

---

This matter appears appropriate for consideration pursuant to Rule 10(b) of the Rules of the Court of Appeals of Tennessee.

The plaintiffs/appellants in this cause, Nancy Buchanan, et al., ("Buchanan") appeal the trial court's grant of summary judgment to defendants/appellees, Hardeman County, Tennessee, et al., ("Hardeman County"). After a serious automobile accident on Minnie Hill Road in Hardeman County, Buchanan filed suit against Hardeman County for wrongful death, alleging that the road was not properly maintained by the County. Buchanan alleged that the accident would not have occurred had a lower speed limit been posted, a warning sign been erected, the curve properly delineated by road markings, and guardrails been installed. Buchanan argues that the doctrine of sovereign immunity does not apply to Hardeman County in this case and that the road was unsafe, dangerous, and defective under Tenn. Code Ann. § 29-20-203(a).

---

[1]Rule 10 (Rules of the Court of Appeals of Tennessee). -- (b) **Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Hardeman County maintains that the decisions questioned by Buchanan, such as where to put signs on the road, are discretionary, resulting from planning, and that the doctrine of sovereign immunity is applicable. It also argues that there is no evidence that it had notice of the alleged dangerous condition of the road. Finally, Hardeman County contends that it is undisputed that the proximate cause of the accident was an unidentified oncoming vehicle that forced the Buchanan vehicle off the road and into the water drainage ditch.

To support its summary judgment motion, Hardeman County presented the deposition testimony of Trent Futrell, the front-seat passenger in the Buchanan vehicle and the only surviving eyewitness to the accident. Futrell testified that an unidentified vehicle came around the curve at night with its headlights on and that the vehicle was on the wrong side of the road. He stated that the unidentified vehicle forced the Buchanan vehicle off the road and into the bank of the water drainage ditch. Buchanan offered no evidence to rebut Futtrell's testimony on the issue of causation.

Consequently, the evidence presented to the trial court is undisputed on the issue of proximate cause, and the trial court's grant of summary judgment is affirmed on that ground. It is unnecessary to address the other issues presented on appeal, such as the applicability of the doctrine of sovereign immunity.

Affirmed in accordance with Court of Appeals Rule 10(a). Costs are assessed against the Appellants, for which execution may issue if necessary.

---

**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

---

**W. FRANK CRAWFORD, P.J., W.S.**

---

**ALAN E. HIGHERS, J.**

2